# UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**JOHNNIE B. MCGEE**                                                    **CIVIL ACTION**

**VERSUS**                                                              **NO. 06-8136**

**HAMMOND POLICE DEPARTMENT, ET AL.**                                   **SECTION:  "B"(1)**

## REPORT AND RECOMMENDATION

Plaintiff, Johnnie B. McGee, a state pretrial detainee, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Hammond Police Department, the Louisiana Twenty-First Judicial District Court, the Tangipahoa Parish District Attorney's Office, Assistant District Attorney Patricia Parker, indigent defender Shawn Aucoin, and police officers Garrett Banqure, Thad Gautier, Vickie Corken, and Charlie Deliberto.[1]  In this lawsuit, plaintiff claims that he has been falsely arrested, falsely imprisoned, and maliciously prosecuted.  As relief, he seeks an order releasing him from jail and awarding him monetary damages.

A Spears hearing was held on November 9, 2006, to allow plaintiff a meaningful opportunity to advise the Court of the nature and factual basis of his claims.  See Spears v. McCotter, 766 F.2d

---

[1]  Attached to the complaint in this matter is a second complaint dated September 20, 2006.  The Twenty-First Judicial District Court, Shawn Aucoin, and Charlie Deliberto are listed as defendants only on that second complaint and were not added by the Clerk of Court on the docket sheet as defendants in this matter.  However, out of an abundance of caution, the undersigned has considered them as defendants herein.

179 (5th Cir. 1985).[2]  At that hearing, plaintiff was sworn and his testimony was recorded.  Based

on his complaint and Spears hearing testimony, the Court finds that plaintiff is making the following

allegations in support of his claims.

Plaintiff states that he was beaten during an arrest by officers from the Hammond Police

Department in 2002.  He filed a complaint against the officers which was ultimately resolved when

an agreement was made to terminate all but one of the officers involved.  However, plaintiff claims

that, since that time, the police have had a vendetta against him, which has now resulted in his

arrests for his pending state criminal charges.  Plaintiff testified that he was arrested on January 18,

2006, for possession of cocaine.  He was subsequently released from detention after a preliminary

examination on that charge; however, he was shortly thereafter arrested again on charges of public

intimidation, burglary, and resisting arrest.  Plaintiff remains detained and is awaiting trial on the

four charges, all of which he claims are false.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event,

as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress

from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any
> portion of the complaint, if the complaint –

---

[2] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a
manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003,
1005-06 (5th Cir. 1998). The United States Fifth Circuit Court of Appeals has observed that a Spears
hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt,
73 F.3d 600, 602 (5th Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the
*pro se* applicant.  Id.

(1) is frivolous, malicious, or fails to state a claim upon which relief
may be granted; or
(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[3]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit,

federal law similarly provides:

Notwithstanding any filing fee, or any portion thereof, that may have been paid, the
court shall dismiss the case at any time if the court determines that ... the action or
appeal –
(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary damages against a defendant who is immune
from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint.  Cay

v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d

114 (5th Cir. 1993).  In making that determination, the Court has "not only the authority to dismiss

a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil

of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

baseless."  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge

No. 153, 23 F.3d 94, 97 (5th Cir. 1994).  Thus, a complaint is frivolous "if it lacks an arguable basis

in law or fact."  Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6.

---

[3]  "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused
of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms
and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. §
1915A(c).

Broadly reading plaintiff's complaint,[4] and fully considering his <u>Spears</u> hearing testimony, the Court finds that plaintiff's claims should be dismissed as frivolous, for otherwise failing to state a claim on which relief may be granted, and/or for seeking monetary damages against a defendant who is immune from such relief.

<i>Habeas</i> Claims

As an initial matter, the Court notes that to the extent that plaintiff is seeking to gain release from imprisonment, he must pursue that form of relief in a *habeas corpus* proceeding, not a civil rights action brought pursuant to 42 U.S.C. § 1983.  "'[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.'"  <u>Boyd v. Biggers</u>, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quoting <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 500 (1973)).  Accordingly, to the extent that plaintiff desires to assert *habeas corpus* claims, he should assert them in a *habeas corpus* proceeding after exhausting his remedies in state court.

Further, for the following reasons, plaintiff's claims for monetary damages must be dismissed.

<u>The Hammond Police Department</u>

The Hammond Police Department is not a legal entity capable of being sued and, therefore, is an improper defendant.  <u>Norwood v. City of Hammond</u>, Civil Action No. 99-879, 1999 WL

---

[4] The court must liberally construe a *pro se* civil rights complaint.  <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

777713, at *3 (E.D. La. Sept. 30, 1999); see also Causey v. Parish of Tangipahoa, 167 F. Supp. 2d 898, 909 (E.D. La. 2001); Manley v. State of Louisiana, Civil Action No. 00-1939, 2001 WL 506175, at *2 (E.D. La. May 11, 2001); Creppel v. Miller, Civil Action No. 92-2531, 1993 WL 21408, at *1 (E.D. La. Jan. 22, 1993).

### The Tangipahoa District Attorney's Office

Plaintiff has sued the Tangipahoa District Attorney's Office. A district attorney's office also is not a legal entity capable of being sued. Hudson v. City of New Orleans, 174 F.3d 677, 680 (5th Cir. 1999) ("Louisiana law does not permit a district attorney's office to be sued in its own name.").

### Louisiana Twenty-First Judicial District Court

Plaintiff has sued the Louisiana Twenty-Second Judicial District Court. A state court is not a juridical entity capable of being sued under 42 U.S.C. § 1983. Moity v. Louisiana State Bar Association, 414 F. Supp. 180, 182 (E.D. La.) ("state courts are not considered 'persons' within the meaning of § 1983"), aff'd, 537 F.2d 1141 (5th Cir. 1976).

### Assistant District Attorney Patricia Parker

Assistant District Attorney Patricia Parker is being sued based on her actions taken in prosecuting plaintiff in his state criminal proceedings. However, Parker is protected by absolute prosecutorial immunity for such actions. "Prosecutorial immunity applies to the prosecutor's actions in initiating the prosecution and in carrying the case through the judicial process." Boyd v. Biggers, 31 F.3d 279, 285 (5th Cir. 1994). A prosecutor's absolute immunity also extends to "actions preliminary to the initiation of a prosecution and actions apart from the courtroom." Buckley v. Fitzsimmons, 509 U.S. 259, 272 (1993) (quotation marks omitted). Further, "[a]bsolute immunity

shelters prosecutors even when they act maliciously, wantonly or negligently." Rykers v. Alford, 832 F.2d 895, 897 (5th Cir. 1987) (quotation marks omitted). Because plaintiff's claims against Parker in her individual capacity relate to her actions taken in prosecuting plaintiff's criminal charges, she is protected by absolute immunity.[5]

### Shawn Aucoin

Plaintiff has also sued Shawn Aucoin, his indigent defender in his state criminal proceedings. However, for plaintiff's claims against Aucoin to be cognizable pursuant to 42 U.S.C. § 1983, Aucoin must have acted under color of state law. See, e.g., Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989) ("A claim for relief under 42 U.S.C. § 1983 must contain two elements: 1) that [the plaintiff has] been deprived of a right secured by the Constitution or laws of the United States; and

---

[5] To the extent that plaintiff intended to name Parker in her official capacity, he has failed to state an official-capacity claim. The United States Fifth Circuit Court of Appeals has noted:

> For purposes of "official capacity" suits under § 1983, the district attorney's office resembles other local government entities. Therefore, we advert to the Supreme Court's development of principles for determining whether a municipality or other local government entity should be held liable under 42 U.S.C. § 1983 for the constitutional tort of its employee.

Id. at 470. The Fifth Circuit has further held:

> In order to hold a municipality or a local government unit liable under Section 1983 for the misconduct of one of its employees, a plaintiff must initially allege that an official policy or custom was a cause in fact of the deprivation of rights inflicted. To satisfy the cause in fact requirement, a plaintiff must allege that the custom or policy served as a moving force behind the constitutional violation at issue or that [his] injuries resulted from the execution of an official copy or custom.

Spiller v. City of Texas City, Police Department, 130 F.3d 162, 167 (5th Cir. 1997) (quotation marks, brackets, and citations omitted). In the instant case, plaintiff does not allege that his purported injury was in any way related to an official policy or custom.

2) that the defendant acted under color of state law.").  An indigent defender is not acting under color of state law when serving as defense counsel.  Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.").  Therefore, plaintiff has failed to state a cognizable § 1983 claim against Aucoin.

<u>Garrett Banqure, Thad Gautier, Vickie Corken, and Charlie Deliberto</u>

Plaintiff's claims against police officers Garrett Banqure, Thad Gautier, Vickie Corken, and Charlie Deliberto are essentially ones for false arrest, false imprisonment, and malicious prosecution.  Those claims are currently barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).  In <u>Heck</u>, the United States Supreme Court stated:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.  A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.  Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

<u>Id</u>. at 486-87 (emphasis in original) (footnote omitted).  The Supreme Court observed that "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue until the conviction or sentence has been invalidated."  <u>Id</u>.  The <u>Heck</u> prohibition applies with equal force when, as in the instant case, the plaintiff's claims relate to his pending criminal charges

if "a judgment in favor of plaintiff would necessarily imply the invalidity of a *subsequent* conviction or sentence." Hamilton v. Lyons, 74 F.3d 99, 103 (5th Cir. 1996) (emphasis added). Claims barred by Heck are legally frivolous. See id. at 102; see also Anderson v. Galveston County District Clerk, 91 Fed. App'x 925 (5th Cir. 2004); Kingery v. Hale, 73 Fed. App'x 755 (5th Cir. 2003).

Heck bars claims for false arrest, false imprisonment, and malicious prosecution until such time as plaintiff obtains a favorable disposition on the underlying criminal charges. See Wells v. Bonner, 45 F.3d 90, 95 (5th Cir. 1995) (malicious prosecution and false arrest claims barred by Heck); Thompson v. City of Galveston, 979 F. Supp. 504, 507 (S.D. Tex. 1997) (malicious prosecution, false arrest, and false imprisonment claims barred by Heck), aff'd, 158 F.3d 583 (5th Cir. 1998); see also Vicknair v. St. John the Baptist Parish, Civil Action No. 97-3690, 1998 WL 104669, at *4 (E.D. La. Mar. 5, 1998) (Wilkinson, M.J.) (adopted by Clement, J., on Apr. 9, 1998) (same).[6] Because plaintiff's criminal charges remain pending, his false arrest, false imprisonment, and malicious prosecution claims are currently barred by Heck.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claims against the Hammond Police Department, the Twenty-First Judicial District Court, the Tangipahoa Parish District Attorney's Office, Assistant District Attorney Patricia Parker, and indigent defender Shawn Aucoin be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

---

[6] That assumes, of course, that plaintiff could even state a claim for malicious prosecution, an assumption in grave doubt in light of the United States Fifth Circuit Court of Appeals' recent determination that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003).

8

It is **FURTHER RECOMMENDED** that plaintiff's claims against Garrett Banqure, Thad Gautier, Vickie Corken, and Charlie Deliberto be **DISMISSED WITH PREJUDICE** to their being asserted again until the Heck conditions are met.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this first day of December, 2006.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**